[Cite as *State v. Martin*, 2013-Ohio-1846.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

STATE OF OHIO,                                          :

        Plaintiff-Appellee,                          :

        - vs -                                                :

VIRGIL G. MARTIN, III,                               :

        Defendant-Appellant.                      :

CASE NO. CA2012-06-020

O P I N I O N
5/6/2013

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 12CRI00020

Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Thomas J. C. Arrington, 67 East High Street, London, Ohio 43140, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   A defendant argued in his motion to suppress evidence that a police officer had no reasonable articulable suspicion of wrongdoing to stop a vehicle leaving a storage facility at 1:00 a.m.  The trial court denied the motion.  We affirm the trial court, finding the police officer had reasonable articulable suspicion that criminal activity was afoot to perform an investigatory stop of the vehicle.

{¶ 2}   Defendant-appellant, Virgil M. Martin, III, was charged in Fayette County

Common Pleas Court with breaking and entering under R.C. 2911.13(A), receiving stolen property in violation of R.C. 2913.51(A), and possessing criminal tools under R.C. 2923.24(A), in connection with a break-in at a storage facility. The trial court denied Martin's motion to suppress evidence. Martin pled no contest to and was convicted of the three charges. He filed this appeal, raising the following single assignment of error for our review.

{¶ 3} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS[.]

{¶ 4} Martin argues the trial court should have granted his motion to suppress evidence because the police officer did not have a reasonable and articulable suspicion of criminal activity to justify the stop of the vehicle in which Martin was a passenger.

{¶ 5} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*

{¶ 6} The record reveals the following facts pertinent to the stop of the vehicle.

{¶ 7} Sgt. David Page, from the Washington Court House Police Department, was on patrol shortly after 1:00 a.m. on February 6, 2012, when he observed a pickup truck drive from Watson's storage unit facility, through the parking lot of Giovanni's Pizza, which is adjacent to the storage facility, and onto the street.

{¶ 8} The sergeant testified he was suspicious of the occupants of the truck because of the time of the night and the numerous storage facility break-ins reported in the last month. Sgt. Page indicated the storage facility was not fenced and no businesses in that area were

open for business at that time. He could not recall whether any previous storage facility break-ins included this particular facility.

{¶ 9} Sgt. Page testified that he initiated a stop of the vehicle. Additional evidence was presented regarding Sgt. Pace's observations of the vehicle and its driver immediately after the stop, but the trial court limited its factual findings to the events leading up to the stop.

{¶ 10} In ruling on the suppression motion, the trial court stated:

> Based upon the time of day, and the location of the vehicle and several reports from both the Police Department and the Sheriff's Department of break-ins in storage units, Officer Page had reasonable and articulable suspicion of criminal activity, in that he was able to [c]ite to articulable facts that gave rise to a reasonable suspicion that these individuals in this vehicle had been engaged in criminal activity. So he initiated an investigatory stop this was a simple Terry investigatory stop of the vehicle. * * *." [sic]

{¶ 11} A police officer may briefly stop and detain an individual without an arrest warrant or probable cause for an arrest in order to investigate the officer's reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868 (1968); *see State v. Carter*, 69 Ohio St.3d 57 (1994) (passenger's standing to challenge search and seizure).

{¶ 12} In doing so, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *State v. Andrews*, 57 Ohio St.3d 86, 87 (1991), citing *Terry* at 21-22; *State v. Jimenez*, 12th Dist. No. CA2011-09-103, 2012-Ohio-3318, ¶ 10.

{¶ 13} In other words, police must be able to cite to articulable facts that give rise to a reasonable suspicion that an individual is currently engaged in, or is about to engage in, criminal activity. *State v. McMullen*, 12th Dist. No. CA2009-09-235, 2010-Ohio-3369, ¶ 12. A reasonable, articulable suspicion of criminal activity is something more than an

"unparticularized suspicion" or hunch. *See Terry*, 392 U.S. at 22, 27; *State v. Lindsey*, 2d Dist. No. 24943, 2012-Ohio-3105, ¶ 19.

{¶ 14} The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training. *State v. Layne*, 12th Dist. No. CA2010-09-073, 2011-Ohio-3763, ¶ 31, citing *State v. Bobo*, 37 Ohio St.3d 177, 179 (1988); *see also Terry* at 27.

{¶ 15} Based on the totality of the circumstances, including the reasonable inferences Sgt. Page was entitled to draw from the facts, we conclude the sergeant had a reasonable and articulable suspicion that criminal activity at the storage facility was afoot, justifying an investigatory stop of the truck in which Martin was a passenger.

{¶ 16} The sergeant observed a pickup truck leaving an unfenced storage facility at 1:00 a.m. No other businesses were open at that time. The officer was aware of several break-ins at storage facilities in the area in the last month, which designated these types of facilities as targets for criminal activity. *See Jimenez*, 2012-Ohio-3318 at ¶ 11, citing *State v. Freeman*, 64 Ohio St.2d 291, 295 (1980) (the reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely in determining whether an investigative stop is warranted).

{¶ 17} The Fourth Amendment does not require a police officer who lacks the precise level of information necessary for probable cause to arrest to simply "shrug his shoulders" and allow a crime to occur or a criminal to escape; a brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. *Adams v. Williams*, 407 U.S. 143, 145-46, 92 S.Ct. 1921, 1923 (1972).

{¶ 18} Accordingly, we find the trial court did not err when it denied Martin's motion to

suppress evidence.  His single assignment of error is overruled.

**{¶ 19}** Judgment affirmed.

HENDRICKSON, P.J. and RINGLAND, J., concur.